## JESSE MOTT V. THE STATE.

No. 16350.  Delivered December 20, 1933.
Reported in 66 S. W. (2d) 319.

The opinion states the case.

*Edgar Hartsfield,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Jones Tatum by striking and beating him with a hammer.

Deceased was employed at a filling station belonging to the Liberty Oil Company. On the night of June 24, 1933, he relieved J. I. Watkins, manager of the station, and received from him a sum of money. At 2:15 a. m. officers stopped at the station for the purpose of calling headquarters. Observing that the lights were on, and that deceased was absent, they instituted a search. They found the cash register open and only a small amount of change left in it. Upon further investigation they discovered deceased forty or fifty feet from the door, lying on his face on a concrete slab. His flashlight was under his elbow, and his cap was in a pile of rubbish nearby. There was

blood dripping from his nose and mouth, and he was unconscious. He had a wound on top of his head, which, from its appearance, had been inflicted with a blunt instrument. The attending physician testified as follows: "His respiration was getting low. His pulse was getting slow and from an examination of his head found a hole in his head and brain matter oozing out; we took him to operating room and put him to sleep, shaved his head and operated on him; found hole at top of head and on right side—both about an inch to right of midline, where found stetis fracture; mean by that like you hit window glass—little cracks all through it; pieces of bone from hole were driven into his brain about half or three-fourth inch; that piece of bone was removed, of course, that relieved the pressure there and lot of brain substance came out. * * *"

Upon being handed the hammer which had been introduced in evidence, the physician testified as follows: "Injury to back of his head was about size of this hammer; of course broken at different places. * * * Tatum died next day in Dallas County, State of Texas, on or about 25th June, 1933, as a result of this injury caused by being hit on head by some blunt instrument."

Upon being questioned by the officers, appellant stated that he had killed deceased with a hammer, and told the officers where the hammer was hidden. Pursuant to this statement, the officers found the hammer at the place described by appellant. An analysis of the substance on the blunt end of the hammer disclosed that it was human blood. The officers testified that appellant told them that he had struck deceased with the hammer and taken twenty-two dollars out of the cash register. The state introduced in evidence appellant's confession, which, omitting the formal parts, read as follows: "My name is Jesse Mott. My address in 2501 Jeffries. I am 33 years of age. Sometime ago I met the night watchman in front of Dr. Pepper's place and he told me about the night man at the oil station and him having an argument about where a car was parked out in the street, and the night watchman told me that the old man insulted him and said he was taking too much authority. The night man at the oil station also cussed me one night about a little bill I owed Mr. Jake. He was so overbearing that I decided to rob him and knock him in the head. I saw a hammer fall off of the Penniman truck and I picked it up and that night I put it around on the fence back of the oil station where it would be handy to get to hit the old man in the head with. About three nights after that, the old man and I were playing checkers in the oil station. The old man said he heard a noise back of the oil station and said, 'Let's go around there.' I let him get ahead and

walk behind the building. He had his flashlight in his hand and had turned on the light in the toilet to make a light so he could see. It was still pretty dark back there. He stopped and just as he started to look back I hit him on the top of the head with the hammer that I had put on the fence. I then went back in the station and took the money out of the cash register. I got $22.00. About $4.00 or $5.00 was in greenbacks and the rest was in silver. I then went home. Tuesday morning I brought the hammer that I hit the old man with back and hid it under the corner of the feed store, the same place where I took the officer to just now and showed them the hammer. I spent all of the money the next day on the Central Tracks and on Hall Street at Dave's Pawnshop and Taxicab, and paid $1.25 I owed Mr. Jake. I left the cash register open after taking the money out of it. I waited behind the battery station on First Avenue until between 2:00 and 3:00 o'clock before I went to rob the old man."

Testifying in his own behalf, appellant denied that he killed deceased and declared that the statement he made to the officers was coerced. Further, his testimony raised the issue of an alibi. Th testimony of the officers taking the confession rebutted appellant's claim that his written confession was involuntary.

All of the issues raised by the testimony appear to have been adequately submitted in the charge of the court. There were no exceptions to the court's charge, and no bills of exception are found in the record.

We are constrained to hold that the evidence is sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.